UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:11-cr-007-jgm |
| | : | |
| JEFFREY BOGIE, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
(Doc. 20)

Defendant Bogie moves to suppress evidence of firearms discovered and ultimately seized following two warranted searches of his home. Mr. Bogie is charged in a single-count superceding indictment (Doc. 11) as an "unlawful user of a controlled substance" that knowingly possessed forty-four firearms that traveled in interstate commerce, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Having considered pre- and post-hearing memoranda, and the evidence adduced at the January 17, 2012 suppression hearing, the Defendant's Motion to Suppress (Doc. 20) is denied.

I.  BACKGROUND

In March 2010, the Norwich Police Department began investigating Jeffrey Bogie for possible sexual assault, lewd and lascivious conduct, and contributing to the delinquency of a minor. A minor witness had reported Jeffrey Bogie provided her with alcohol and sexually assaulted her at his home, and she had observed marijuana and marijuana use by others inside the residence. Norwich Chief of

Police Douglas Robinson obtained a search warrant authorizing him to photograph the interior and exterior of the home in order to corroborate the witness' detailed description of it.

When this first warrant was executed on April 9, 2010, Chief Robinson took seventeen photographs of the home's interior and exterior. (Tr. at 8, 10:1-3.) Chief Robinson testified he did not move anything or open any drawers or disturb any items he saw in plain view. (Tr. at 14:13-24; 10:21-22; 11:15-19.) During the execution of this first warrant, Robinson observed and photographed marijuana, both packaged and loose, in plain view on nearly every open surface in the residence, and noted he smelled a marijuana odor "emanating throughout the house." (Tr. at 18:3-7; Gov't Ex. A-12.) Based on his service with the Vermont Drug Task Force and the completion of a DEA course on narcotics identification, Robinson suspected an ashtray, in plain view, contained what appeared to be numerous marijuana cigarettes. He confirmed the observation with field testing.

While he photographed the home, Chief Robinson also observed numerous firearms laid out in plain view throughout the house, some of which appeared to be fully automatic. Although the return from the first warrant indicates a Bushmaster machine gun had been "seized," Chief Robinson testified it was not removed from the home at the time of the first warrant, although he intended for it to be removed during the execution of a second warrant because it was fully automatic. (Tr. 17:5-8; 18:25 - 19:8; 30:2 - 31:13.)

Despite the fact that the marijuana throughout the house was in plain view, and therefore subject to seizure at the time, Chief Robinson applied for a second

2

search warrant to search the Defendant's home for narcotics. The affidavit and application Robinson submitted in seeking a second search warrant contained nothing to suggest Mr. Bogie's residence contained firearms, but the warrant authorized a search for both drug evidence and firearms. The second warrant was executed later in the day on April 9, and officers seized over 60 items, including marijuana, a scale, plastic baggies containing pills, and dozens of firearms. Def.'s Ex. H.

II. DISCUSSION

Defendant contends the execution of the first search improperly exceeded the scope of the first warrant. He also contends the second search warrant was not supported by probable cause to search for firearms because the affidavit in support of the warrant application did not discuss firearms.[1]

A. The First Search

The execution of the first search did not exceed the scope of the first warrant. The warrant authorized officers to photograph the exterior and interior of Mr. Bogie's home, and officers did just that. Chief Robinson's movement through the main rooms in the house and the photographs of those rooms all showed items clearly in plain view, as officers found them. See Gov't Exs. A8-A17.

---

[1] Defendant's Supplemental Brief (Doc. 31) in support of his motion to suppress argues evidence was improperly obtained because Bogie was arrested without a warrant prior to the first search. The Government filed a Response (Doc. 34), arguing the arrest was supported by probable cause, and in any case, all the evidence was seized either pursuant to valid search warrants or because it was in plain view during the execution of the warrants. Because the searches here were pursuant to valid warrants, not incident to arrest, and Mr. Bogie is not seeking to suppress any statements or evidence as the fruit of his arrest, his argument is unavailing.

An officer may seize evidence in plain view without a warrant if (1) "the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed," (2) the item is in plain view, and (3) its incriminating character is immediately apparent. Horton v. California, 496 U.S. 128, 136-37 (1990). Here, officers were within Bogie's home pursuant to a valid warrant, and marijuana was clearly visible to any person photographing rooms within the house. The incriminating nature of the marijuana was immediately apparent and would have made it subject to warrantless seizure at that time. Despite this, Chief Robinson applied for a second search warrant to search for narcotics.

Although Defendant argues law enforcement exceeded the scope of the first warrant by "seizing" the Bushmaster machine gun in plain view in an upstairs bedroom, Chief Robinson explained that although the return from the first warrant indicated the gun had been "seized," the gun was not actually removed from the residence at the execution of the first warrant. Robinson explained that he referred to it as "seized" in the return because he intended for it to be removed during the execution of the second search because it was fully automatic. (Tr. 30:2 - 31:13.) An officer had remained at the scene to secure it while the second warrant was being sought. Id. Even if the Bushmaster was seized in the first search, the warrantless seizure would have been permissible under the "plain view" doctrine because it was in plain sight, was apparently fully automatic, and was surrounded by controlled substances. The scope of the first search was therefore proper under the Fourth Amendment.

B. The Second Search

Defendant contends the second warrant was not supported by probable cause to search for firearms.

When a district court is called upon to review a challenged warrant, it "must accord considerable deference to the probable cause determination of the issuing magistrate." United States v. Clark, 638 F.3d 89, 93 (2d Cir. 2011). Here, the magistrate judge was presented with an application seeking authority to search for marijuana, any other illegal drugs, and items typically associated with the drug trade, such as scales, packaging, records, money, and firearms. See Defs.' Ex. E. While the affidavit in support of the application explained the officer had observed marijuana in plain view while photographing the home earlier that day, it did not mention firearms. Id.

Even if the supporting affidavit was insufficient to support probable cause for a warranted search for firearms, it was sufficient for the search for marijuana, and the seizure of the firearms falls squarely within the "plain view" exception to the warrant requirement. Mr. Bogie has not challenged the adequacy of the second warrant with respect to probable cause to search for drugs and drug paraphernalia. Therefore, the second warrant was supported by probable cause to search all areas within Bogie's residence where drug-related items could be found. See Horton, 496 U.S. 128, 136-40 (1990) (inadvertence not a necessary requirement for application of "plain view" doctrine); United States v. Haskin, 228 F.3d 151, 154 (2d Cir. 2000) (upholding seizure of firearms in plain view during consent search for evidence of burglary because officers had probable cause to believe their possession violated

5

federal law); United States v. Jarvis, 237 F. App'x 636, 638-39 (2d Cir. 2007) (unpublished disposition) (holding seizure of firearms in plain view during execution of a warranted search for marijuana was proper). The firearms here were all in plain view in Mr. Bogie's residence. The officers' presence in the home was pursuant to a valid warrant, the incriminating nature of the firearms was immediately apparent because it is unlawful to possess or use firearms in furtherance of drug distribution, and to be a user of drugs in possession of firearms. Therefore, the firearms were lawfully seized under the "plain view" exception to the warrant requirement.

III. CONCLUSION

The Defendant's Motion to Suppress (Doc. 20) is DENIED. This case shall be placed on the first trial calendar after June 1, 2012.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 25th day of April, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge